**FREDERICK v. HOUSE.  (No. 7799.)**

(Court of Civil Appeals of Texas.  Galveston.
Jan. 15, 1920.  Rehearing Denied
Feb. 12, 1920.)

1. **Mortgages ⬤⟹424—Time for renewing note and mortgage held four years from taking effect of statute and not from maturity.**

Relative to bar of suit to foreclose a mortgage executed after July 14, 1905, and securing a note maturing before, but less than four years before, the taking effect of Acts 1913, c. 123, embodied in Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, right to renew and extend the note and mortgage is not limited to four years after maturity of the note, but to four years· after the taking effect of the legislative acts.

2. **Mortgages ⬤⟹424—Original lien never unenforceable, and so not defeated by subsequently acquired homestead rights.**

The original lien created by a mortgage given in 1911, when the lien could have been enforced any time within 10 years after maturing of the secured note, never became unenforceable, so that the mortgagor could not, after giving the mortgage, acquire a homestead rights in the property which would defeat enforcement of the lien, notwithstanding enactment of Vernon's Sayles' Ann. Civ. St. 1914, art. 5695, reducing the time for enforcement to four years after the maturity of the secured note; the statute in case of a mortgage given when this was and securing, as it did, a note maturing less than four years before the going into effect of the statute, expressly giving the right to renew and extend the note and mortgage within four years after the taking effect of the statute, with right of foreclosure within four years after the extension, and this having been complied with, though more than four years after the maturity of the note.

3. **Limitation of actions ⬤⟹145(5)—Original debt consideration for new promise.**

The original barred debt, not being satisfied or discharged but merely unenforceable, is sufficient consideration for the new promise to pay.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by H. C. House against Selma H. Frederick, individually and as executrix. Judgment for plaintiff, and defendant appeals. Affirmed.

. W. P. Neblett, of Houston, for appellant.
A. R. & W. P. Hamblen, of Houston, for appellee.

PLEASANTS, C. J.  This suit was brought by appellee to recover of appellant individually and as independent executrix of the will of C. H. Frederick, deceased, the amount of the principal, interest, and attorneys' fees due upon two promissory notes executed by appellant and her deceased husband, C. H. Frederick, and payable to appellee, and to foreclose a mortgage lien given by said Frederick and wife upon the property described in the petition to secure the payment of said notes. The first of said notes was for the sum of $25,000, executed on November 15, 1911, and payable one year after date; and the second for the sum of $5,000, executed on May 30, 1912, and payable on November 15, 1912.

The petition alleged that by an instrument in writing executed by the plaintiff, H. C. House, and the said C. H. and Selma H. Frederick on January 11, 1917, and which was duly recorded in the mortgage records of Harris county, said notes and mortgage were renewed and extended for six months from January 11, 1917.

The defendant answered by general demurrer and general denial, and specially pleaded that the notes sued on were barred by the statute of limitation of four years; that the alleged extension agreement "dated January 11, 1917, above referred to, was not given by defendant and plaintiffs in the manner nor within the time required by law, and that no consideration was paid for such extension, and that said extension was void and of no force and effect"; and further alleged that—

"At the time the said extension was executed, and long prior thereto, that she and her husband and two minor children had their homestead upon a part of the property upon which said House sought to foreclose his lien."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff for the amount found due upon said notes, and for foreclosure of the lien claimed by plaintiff upon the property described in the petition.

There is no fact issue in the case. The notes and mortgage liens were executed as alleged in the petition, and there is due and unpaid upon the notes the amount found by the trial court.

At the time the mortgages were executed none of the mortgaged property constituted any part of the homestead of C. H. and Selma H. Frederick; but in 1915, after selling the homestead which they had occupied for several years, they moved upon the premises situated on lot 8 and the east one-half of lot 7 in block No. 388 on the south side of Buffalo bayou in the city of Houston, and resided there continuously until the death of the husband in January, 1917, and at the time of extension of the notes and mortgages the property. was occupied by the Fredericks as their home.

[1]  The appellant under appropriate assignments of error assails the judgment on three grounds. It is first contended that, the notes sued on having been barred by limitation at the time their renewal and the ex-

tension of the mortgages were executed, such attempted renewal and extension were void, and said notes and the lien created by said mortgages cannot now be enforced.

In 1905 an act was passed by the Legislature (Acts 29th Leg. c. 138) which provided that—

"No power of sale conferred by deed of trust or mortgage on real estate executed after [July 14, 1905] shall be enforced after the expiration of ten years from the maturing of the indebtedness secured thereby and any sale under such power after the expiration of such time shall be void, and such sale may be enjoined."

In 1913 the Legislature amended this statute (Acts 33d Leg. c. 123; Acts Sp. Sess. 33d Leg. c. 27) by shortening the time in which the power of sale could be enforced to four years after the maturity of the indebtedness, and applying the same period of limitation to the right of a vendor to recover real estate by virtue of the superior title which the reservation of a vendor's lien in his deed gave him. This act further provides:

"When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided for in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same, shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned. Provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendors lien notes reserved in deeds of conveyance which were executed prior to July 14, 1905, and which are more than four years past due at the time this act takes effect as shown by the original mortgage, deed of trust or conveyance, or last record extension shall have twelve months after this act takes effect within which they may obtain such record extension as hereinbefore provided for, or bring suit to enforce the liens securing them, if same are valid obligations when this act takes effect and if such debt is not so extended of record, or suit is not brought within such time, the right to extend such debt or record, or bring suit to enforce such liens shall be forever barred; and provided that the owners of all notes secured by deeds of trust or other liens and the owners of all vendors lien notes reserved in deeds of conveyance which were executed subsequent to July 14, 1905, shall have four years after this act takes effect within which they may obtain such recorded extension as herein provided for, or bring suit to enforce the liens securing them if same are valid obligations and not already barred by the four

years' statutes of limitation when this act takes effect, and if such debt is not extended of record, or suit is not brought within such four years, or four years after they mature, they shall be forever barred from the right to extend such debt of record, or bring suit to enforce the lien securing the same, and further provided if any such obligations executed subsequent to July 14, 1905, were barred by the four years' statute of limitation on the 30th of June, 1913, the owners thereof shall have four years within which to bring suit to enforce the lien securing the same; and providing those owning the superior title to land retained in any deed of conveyance or his transferee and those subsequently acquiring such superior title by transfer, shall have twelve months after this act takes effect within which to bring suit for the land if their claim to the land is not otherwise invalid and unless such suit is brought within twelve months after this act takes effect they shall be forever barred from bringing suit to recover the same."

These acts of 1913 are now articles 5693, 5694, and 5695, Vernon's Sayles' Civil Statutes.

We cannot agree with appellant that article 5695 should be construed as limiting the right to renew and extend a note and deed of trust to four years after the maturity of the note.

It seems to us the article expressly and unequivocally gives the right to such renewal or extension for four years after the taking effect of the legislative act, provided the note is not barred at that time. The meaning of the provision of the act that if such debt is not extended or renewed within such four years "or four years after they mature" is not as clear as it might be, but the clause "or four years after they mature" cannot be given the effect of destroying the right expressly given in the previous portion of the act to have the debt and lien renewed and extended at any time within four years from the taking effect of the act. We think the clause above quoted was intended to apply only to notes or evidences of debt which would not mature until after the act took effect. Under this construction of the statute, appellant's contention that the renewal and extension pleaded and proved by appellee is void cannot be sustained.

[2] It is next contended that the judgment cannot be sustained in so far as it forecloses a lien upon the property occupied by C. H. Frederick and Selma H. Frederick as their home at the time the extension agreement was executed.

The evidence shows that the property was not the homestead of the Fredericks at the time they executed the deed of trust by which appellee's lien was created. It goes without saying that, so long as this lien continued a valid subsisting and undisputed incumbrance, the parties who created it could not obtain homestead rights in the property which could defeat the enforcement of the lien. Appel-

lant insists, however, that the lien on the property became unenforceable when the notes became barred, which was several months before the extension was executed, and therefore the lien created by the extension agreement was void under our constitutional provision which protects the homestead from all liens except for the purposes mentioned therein. We do not think the lien on the property became unenforceable when the notes became barred. Under the law as it existed at the time the deed of trust was executed, the lien could have been enforced by the sale of the property at any time within ten years from the maturity of the notes, and when the Legislature changed this time to four years they expressly gave the right to extend the lien if such extension was made within four years after the taking effect of the act. Having complied with the statute in procuring the extension within the time prescribed, the original lien created by the deed of trust never became unenforceable, and the Fredericks could acquire no homestead rights in the property which would defeat the enforcement of the lien.

[3] The third contention of appellant is that the extension agreement is void because of want of consideration therefor.

A debt is not satisfied or discharged merely because it is barred and unenforceable, and it is well settled that the original barred debt is a sufficient consideration to support the new promise to pay.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.